UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA K. BOITET,

Plaintiff,

v.                                              Case No: 8:23-cv-585-KKM-TGW

GREGORY V. PERRY,

Defendant.

_____

## ORDER

Amanda Boitet initiated a family court proceeding against Gregory Perry in Florida state court. (Doc. 1-1.) Boitet petitioned for an injunction for protection against stalking and alleged that Perry was acting "far from normal," that he threatened her, and that he was stalking her. (*Id.* at 3–6.) Perry removed this action, (Doc. 1), but because this Court lacks subject-matter jurisdiction, this action is remanded.

Perry alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at 3–4.) "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). "As a general

rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). No federal question appears on the face of Boitet's pleading. (*See* Doc. 1-1.)

To be sure, Perry's notice of removal alleges that this case implicates several federal statutes, including "the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 242." (Doc. 1 at 4.) But this Court does not gain federal question jurisdiction because the defendant raises issues that implicate federal law. *Cf. Mottley*, 211 U.S. at 152 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."). The federal question must appear on the face of the complaint. *Id.* ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). Because Boitet's pleading does not mention any federal cause of action and none appear on its face, this Court does not have subject-matter jurisdiction.

If a case is removed from state court, but the federal court lacks subject-matter jurisdiction, the federal court's "only option is to remand back to state court." *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022). Accordingly, this

action is **REMANDED** to the Circuit Court for Manatee County, Florida, and the Clerk

must **TRANSMIT** a certified copy of this order to the Clerk of that court;

**TERMINATE** any pending motions and deadlines; and **CLOSE** this case.

ORDERED in Tampa, Florida, on March 16, 2023.

Kathryn Kimball Mizelle
United States District Judge

3